**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
                                     :
RICHARD BROOKE, et al.,              :   CIVIL ACTION NO. 11-61 (MLC)
                                     :
     Plaintiffs,                     :        O P I N I O N
                                     :
     v.                              :
                                     :
SHREE GANESHAI, INC., et al.,        :
                                     :
     Defendants.                     :
                                     :
```

**THE PLAINTIFFS** — who are Pennsylvania citizens — brought this action on January 6, 2011, to recover damages for personal injuries, and assert jurisdiction under 28 U.S.C. § ("Section") 1332.  (Dkt. entry no. 1, Compl.)  The Court will sua sponte dismiss the Complaint without prejudice, as the plaintiffs have failed to properly allege the citizenship of each defendant.  See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**THE PLAINTIFFS** allege that the defendants Shree Ganeshai, Inc., and Wyndham Worldwide Operations, Inc., are each "a corporation or similar entity qualified to do business in New Jersey with a principal place of business [in] New Jersey", and the defendant Shree Ganashay ICR Corp. "is a corporation or similar entity, with a principal place of business [in] New Jersey".  (Compl. at 2-3 (emphasis added).)  First, the plaintiffs allege that each of these defendants is "a corporation or similar entity", and thus fail to allege citizenship "affirmatively and

distinctly". See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006). The plaintiffs should have ascertained the nature of ownership, and thus the citizenship, of each of these defendants before choosing to bring an action in federal court. See id. Second, assuming that these defendants are corporations, the plaintiffs fail to allege the states in which each defendant is incorporated and has "its" — as opposed to "a" — principal place of business. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 130 S.Ct. 1181, 1185-86, 1192-93 (2010); Brooks-McCollum v. State Farm Ins. Co., 376 Fed.Appx. 217, 219 (3d Cir. 2010), cert. denied, 131 S.Ct. 459 (2010); Freedman, 180 Fed.Appx. at 320.

**THE PLAINTIFFS** allege that the defendant James Herrera "resides at" a New Jersey address. (Compl. at 2.) However, an allegation as to where a person resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction. See McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008).

**THE PLAINTIFFS'** allegation that the defendant J&J Painting "is a business entity, with a principal place of business [in] New Jersey" (Compl. at 2) says nothing, as the plaintiffs must specifically allege a defendant's nature of ownership — e.g., corporation, unincorporated association — in federal court. Furthermore, the alleged defendants listed separately as "Days

2

Inn Hillsboro" and "The Hillsborough Executive Days Inn" (Compl. at 1-2) may not be proper parties to be listed in a complaint in federal court. The plaintiffs also improperly list the defendant Shree Ganeshai, Inc., twice. (See Compl. at 1-2 (listing "Shree Ganeshai, Inc., d/b/a Days Inn" and "Shree Ganeshai, Inc., d/b/a Hillsborough Motel Days Inn").)

**THE PLAINTIFFS** have failed to show that they are deemed to be citizens of a different state in relation to each defendant. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant). Thus, the Court will dismiss the Complaint, but will do so without prejudice to the plaintiffs to either – within thirty days – (1) recommence the action in state court, as the limitations period is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of each party. If the plaintiffs opt to move to reopen, then they do so at their own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**THE PLAINTIFFS** are advised – if they opt to move to reopen – that jurisdiction is measured "against the state of facts that

3

existed at the time of filing". Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004). Thus, the plaintiffs must (1) demonstrate (a) that the defendants listed as Shree Ganeshai, Inc., Wyndham Worldwide Operations, Inc., and Shree Ganashay ICR Corp., are indeed corporations, and (b) the citizenship of each of these defendants by proving the states in which they were incorporated and had their principal places of business on January 6, 2011, i.e., provide supporting documentation, certificates of incorporation, and affidavits from those with knowledge of the structure of these defendants, (2) demonstrate Herrera's citizenship as it existed on January 6, 2011, with supporting documentation, (3) allege the nature of ownership and citizenship of J&J Painting, Days Inn Hillsboro, and The Hillsborough Executive Days Inn, or perhaps remove them from the caption, (4) construct the caption and draft the allegations so that proper parties are listed and listed once, and (5) show that there is jurisdiction under Section 1332. The Court advises the plaintiffs that they must specifically assert citizenship as it existed on January 6, 2011. If any defendant is an unincorporated association, e.g., a partnership or a limited liability company, then the plaintiffs should properly assert that defendant's citizenship. See generally Carden v. Arkoma Assocs., 494 U.S. 185 (1990); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412 (3d Cir. 2010); Swiger v. Allegheny Energy, 540 F.3d 179 (3d Cir. 2008).

4

**THE COURT** cautions the plaintiffs — if they opt to move to reopen — against restating the allegations from the Complaint. The Court advises the plaintiffs that an allegation based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than Pennsylvania"), or a request for time to discern jurisdiction will result in denial of a motion to reopen.  As the plaintiffs are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity".  CGB Occupational Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).[1]

**THE COURT** will issue an appropriate order and judgment.

        s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

Dated:   January 7, 2011

---

[1] See Techstar Inv. P'ship v. Lawson, No. 94-6279, 1995 WL 739701, at *4 (E.D. Pa. Dec. 8, 1995) (stating unsupported Section 1332 jurisdiction allegation may violate Federal Rule of Civil Procedure ("Rule") 11); see also Cohen v. Kurtzman, 45 F.Supp.2d 423, 436-38 (D.N.J. 1999) (granting motion under Rule 11 for unsupported jurisdiction allegation); Hussey Copper v. Oxford Fin. Grp., 121 F.R.D. 252, 253-54 (W.D. Pa. 1987) (same).